[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION TO CITE IN STATE OF CONNECTICUT
The plaintiffs have alleged that on July 14, 1989, Sammy Young fell on wooden stairs leading from the underside of the Mianus River Bridge on I-95 to an embankment, sustaining serious injuries. The plaintiffs further allege that the stairs were under the control of Guy F. Atkinson Company, d/b/a Walsh Construction ("Walsh"), the general contractor for repair work being done on the bridge. The defendant Walsh filed a motion to implead American Bridge Company, the subcontractor on the job, which motion was granted. The third party complaint against American Bridge seeks indemnification for any injuries the plaintiffs may have suffered. CT Page 5266
Now Walsh has moved additionally to implead or cite in the State of Connecticut, the owner of the wooden stairs, pursuant to General statutes § 52-102, claiming that the state is a necessary party for the purpose of apportioning liability.
The plaintiffs have filed an objection to this motion based on several grounds: (1) Walsh may not add or cite in a party immune from suit, such as the state, for purposes of apportionment under § 52-572h; (2) Walsh may not cite in an entity for apportionment purposes after the statute of limitations has expired; (3) prejudice to the plaintiffs because of the unreasonable delay in citing in the state; and (4) Walsh's complaint lacks any allegations that the state was negligent in any way, as required by General Statutes § 52-572h.
Section 52-102 reads:
 Joinder Of Persons With Interest Adverse To Plaintiff And Of Necessary Persons.
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy. (Emphasis added.)
"`It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases . . .' (Citations omitted.)" White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990).
Otherwise, General Statutes § 4-147 provides that "any person wishing to present a claim against the state shall file with the clerk of the office of the claims commissioner a notice of claim. . ." The claims commissioner has the discretion to authorize suit against the state and, after the authorization, a party has one year to commence an action against the state on that claim. See, General Statutes § 4-160(c). CT Page 5267
Since there is no indication that Walsh sought or received the necessary authorization from the claims commissioner nor is there any allegation that its apportionment claim is otherwise provided for by statute, the court graces with the first ground for objection filed by the plaintiffs. It is not therefore necessary to address the several other grounds for objection.
The court finds that the state is an immune party under General Statutes § 52-102 and should not be Joined as a party to this action.
The motion to cite in or add the state as a party is denied and the objection to that motion is sustained.
NIGRO, J.